UNITED STATES of America, Plaintiff,

v.

PHILIP MORRIS USA INC., f/k/a Philip Morris Inc., et al., Defendants.

Civ.A. No. 99–2496(GK).

United States District Court, District of Columbia.

Dec. 16, 2003.

Sharon Yvette Eubanks, Renee Brooker, Stephen Dudley Brody, U.S. Department of Justice, Washington, DC, for Plaintiff.

Alfred McDonnell, Arnold & Porter, Denver, CO, Amy L. McGinnis, Amy Elizabeth Ralph, Anne McBride Walker, Duane J. Mauney, Floyd E. Boone, Jr., James Miller Rosenthal, Jeanna Maria Beck, Jonathan Louis Stern, Kendall Millard, Kevin M. Green, Leslie Wharton, Melissa L. Marglous, Michael R. Geske, Murray R. Garnick, Nick Malhotra, Peter Thomas Grossi, Jr., Ryan David Guilds, Sharma Jnatel Simmons, Sharon L. Taylor, Stacy J. Pollock, Susan Louise Lyndrup, Brian K. Esser, Arnold & Porter, Washington, DC, Ashley Cummings, Hunton & Williams, Atlanta, GA, Ben M. Germana, Herbert M. Wachtell, Jeffrey M. Wintner, Steven M. Barna, Wachtell, Lipton, Rosen & Katz, New York City, Bradley E. Lerman, Dan K. Webb, Elizabeth D. Jensen, Jeffrey Wagner, Kevin J. Narko, Luke A. Palese, Ricardo E. Ugarte, Thomas J. Frederick, Winston & Strawn, Chicago, IL, C. Ian Anderson, Davis, Polk & Wardwell, New York City, Cindy L. Gantnier, Erik D. Nadolink, Patricia M. Schwarzschild, Richard H. Burton, Hunton & Williams, Richmond, VA, Daniel C. Jordan, Hunton & Williams, McLean, VA, James Lewis Brochin, Theodore V. Wells, Jr., Paul, Weiss, Rifkind, Wharton & Garrison, Lauren J. Bernstein, Winston & Strawn, New York City, Robert M. Rader, Thomas M. Stimson, Timothy M. Broas, Winston & Strawn LLP, Washington, DC, David B. Alden, Paul Crist, Randal S. Baringer, Robert C. Weber, Jones, Day, Reavis & Pogue, Cleveland, OH, Elizabeth P. Kessler, Ivan C. Smith, Scott C. Walker, Jones, Day, Reavis & Pogue, Columbus, OH, Geoffrey T. Wright, Jonathan Redgrave, Patrick L. Hubbard, Paul Sommer Ryerson, Peter John Biersteker, Robert Francis McDermott, Jr., Karen O'Brien Hourigan, Jones, Day, Washington, DC, Harold K. Gordon, Jones, Day, Reavis & Pogue, New York City, John Buchanan Williams, William M. Bailey, Collier, Shannon, Scott, PLLC, Washington, DC, Lisa M. Sheppard, Womble, Carlyle, Sandridge & Rice, PLLC, Winston–Salem, NC, Nicholas N. Nierengarten, Gray, Plant, Mooty, Mooty & Bennett, PA., Minneapolis, MN, Andrew Martin McCormack, William Charles Hendricks, III, Kenneth N. Bass, King & Spalding, Washington, DC, Dan H. Willoughby, Leign Ann Dowden, Michelle H. Browdy, King & Spalding, Atlanta, GA, David M. Bernick, Deirdre A. Fox, Douglas G. Smith, Stephen R. Patton, Steven D. McCormick, Kirkland & Ellis, Chicago, IL, David Mendelson, David Sullivan, Dawn D. Marchant, Jason Beckerman, Karen McCartan DeSantis, Kirkland & Ellis LLP, Washington, DC, Paul Lamont McDonald, Philadelphia, PA, Rebecca I. Ruby, Goodwin Procter, LLP, Washington, DC, Bruce D. Ryder, J. William Newbold, James M. Cox, Michael B. Minton, Richard Paul Cassetta, Thompson Coburn LLP, St. Louis, MO, Edward Craig Schmidt, Matthew David Schwartz, Thompson Coburn, LLP, Washington, DC, Paige Q. Szajnuk, Thomas A. Duncan, Shook, Hardy & Bacon, Kansas City, MO, Aaron H. Marks, Daniel R. Benson, Julie R. Fischer, Leonard A. Feiwus, Marc E. Kasowitz, Nancy E. Straub, Kasowitz, Benson, Torres Friedman, L.L.P., New York City, Fred W. Reinke, Clifford Chance US, LLP, Washington, DC, Melodie M. Mabanta, Robinson Woolson, P.A., Baltimore, MD, Demetra Frawley, Mary Elizabeth McGarry, Michael V. Corrigan, Simpson Thatcher & Barlett, New York City, Michael Asher Schlanger, Sonnenschein, Nath & Rosenthal, Washington, DC, Arnon D. Siegel, Lawrence Saul Robbins, Roy T. Englert, Jr., Robbins, Russell, Englert, Orseck & Untereiner, Washington, DC, Bruce G. Sheffler,

David L. Wallace, F. John Nyhan, Garyowen P. Morrisroe, Jessica L. Zellner, Timothy M. Hughes, Lawrence Edward Savell, Chadbourne & Parke LLP, New York City, William Salvatore D'Amico, Chadbourne & Parke, Washington, DC, Bruce G. Merritt, Judah Best, Kevin C. Lombardi, Steven Klugman, Debevoise & Plimpton, Washington, DC, David Runtz, Dennis H. Hranitzky, Joseph P. Moodhe, Steven S. Michaels, Debevoise & Plimpton, New York City, Clausen Jr. Ely, James Alexander Goold, Joseph A. Kresse, Keith Allen Teel, Covington & Burling, Washington, DC, for Defendants.

## MEMORANDUM OPINION

KESSLER, District Judge.

British American Tobacco (Investments) Limited ("BATCo") has filed a Motion to Vacate Order # 419. Upon consideration of the Motion, the Government's Opposition, the Reply, and the entire record herein, the Court concludes that the Motion should be **denied.**

As spelled out in the Memorandum Opinion accompanying Order # 449, the Court issued Order # 343 on April 14, 2003 adopting Report and Recommendation # 102, and held that the documents in question were under the "control" of BATCo within the meaning of Fed.R.Civ.P. 34. On October 3, 2003, the Court issued Order # 411 holding BATCo in conditional civil contempt. That Order provided that BATCo was required to fully comply with Order # 343 by October 17, 2003, in order to purge itself of the contempt finding. BATCo failed to comply with Order # 343, and on October 20, 2003, the Court issued Order # 419 requiring that BATCo deposit into the Registry of the Court $25,000 per day until such time as it comes into compliance.[1]

 BATCo has been complying with Order # 419 and has in fact been paying $25,000 per day into the Registry of the Court. However, BATCo has not complied with Order # 343, which is the underpinning of Order # 419. Given the failure to comply with Order # 343, there is no justification for granting BATCo's Motion to Vacate Order # 419.

However, it is also true that on December 5, 2003, in Order # 449, the Court granted the Motion of British American Tobacco Australia Services Ltd. ("BATAS") for Leave to Intervene in order to litigate the privileges it asserted in the documents in question. Over the vigorous objections of the Government that Motion was granted, at least in part, in the hope that "resolution of the underlying substantive privilege dispute may well, in the long run, prove more effective and productive." Mem. Op., p. 5. In accordance with Order # 449, BATAS filed its privilege log, as ordered in Order # 449, on December 15, 2003. That is the first essential step toward resolving the underlying substantive privilege dispute. Because we are starting down what is a constructive—albeit long-delayed and obstruction-strewn—path, the Court concludes that it is appropriate to temporarily stay the imposition of the penalty provided in Order # 419. That stay will be effective as of December 15, 2003, the date upon which BATAS filed its privilege log.

For the foregoing reasons, the Motion to Vacate is **denied**, but Order # 419 is **stayed** as of December 15, 2003 until further notice.[2]

---

1. Despite filing the Motion to Vacate # 419, BATCo is not seeking to set aside the central holding of Order # 343 that the documents at issue were under BATCo's control and that, therefore, BATCo was responsible for their production or logging.

2. It would appear that the Government is correct about BATAS' failure to satisfy the Meet and Confer requirements of Order # 51 and Local Rule 7(m). As the Government points out in great detail in its Opposition, BATCo made totally unreasonable demands for scheduling the requisite Meet and Confer. To summarize the facts, BATCo filed its Motion to Vacate a mere five and one-half hours after rejecting the Government's request to schedule a Meet and Confer several days after the date requested by BATCo because the necessary Government attorneys were out of the country.